UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **REGINA S. CAVES, surviving spouse of Wesley Bryan Caves,** ) ) ) **Plaintiff,** ) ) v. ) ) **BEECHCRAFT CORPORATION f/k/a Hawker Beechcraft Corporation, a Kansas Corporation, and HAWKER BEECHCRAFT GLOBAL CUSTOMER SUPPORT, LLC f/k/a Hawker Beechcraft Services, Inc., a Kansas limited liability company,** ) ) ) ) ) ) ) ) ) **Defendants.** ) | Case No. 15-CV-0125-CVE-PJC |

**OPINION AND ORDER**

Now before the Court is plaintiff's Application to File Amended Complaint and Brief in Support (Dkt. # 48). Plaintiff Regina S. Caves requests leave to file an amended complaint alleging additional defects with the aircraft that is the subject of this case, because she claims that she has learned new information in the discovery process giving rise to new theories of product defect. Dkt. # 48, at 5. Defendants respond that plaintiff's motion to amend is untimely and that plaintiff has failed to show good cause for seeking leave to amend after the expiration of the deadline in the scheduling order to file such motions. Dkt. # 56.

On March 16, 2015, plaintiff filed this case alleging that her husband, Wesley Bryan Caves, died in an airplane crash when he was flying a Beech Premier 390 aircraft from Tulsa, Oklahoma to South Bend, Indiana. She alleges that the aircraft had numerous electrical failures of which defendants were aware, because the failures had allegedly been repaired by Beechcraft Corporation (Beechcraft) and Hawker Beechcraft Global Customer Support, LLC (HBGCS). Dkt. # 2, at 3-4.

Plaintiff claims that the aircraft's engines inadvertently shut down during flight and, due to a defective electrical bus distribution system, plaintiff's husband was unable to restart the engines. Id. at 5. She also claims that the electrical problems prevented the main landing gear of the aircraft from fully extending. Id. at 6. Plaintiff's husband could not successfully land the aircraft and it crashed near the airport in South Bend, and he was killed in the crash. Id. at 6. Plaintiff alleges claims of negligence against Beechcraft and HBGCS, and she also alleges a claim of manufacturer's products liability against Beechcraft.

The parties submitted a joint status report (Dkt. # 22) requesting 12 months to conduct discovery due to the complexity of the case, and they proposed that motions to amend to add parties or claims be filed no later than August 31, 2015. The Court entered a scheduling order (Dkt. # 23) setting a deadline of August 31, 2015 for motions to join parties or amend the complaint, and the discovery cutoff is set for May 15, 2016. Numerous discovery disputes have arisen and plaintiff has filed four motions to compel.[1] On August 20, 2015, defendants sent plaintiff responses to interrogatories, and plaintiff claims that she learned for the first time that defendants modified the aircraft's circuit breaker panel pursuant to Recommended Service Bulletin 24-3868 (RSB). Plaintiff claims that the RSB does not suggest that the electrical connection at issue needed to be modified. Dkt. # 48, at 4. On October 1, 2015, plaintiff's counsel requested that defense counsel provide additional information about the modification. Dkt. # 48-4, at 2. Defense counsel sent a letter to

---

[1] The parties vigorously dispute whether plaintiff is entitled to the discovery sought in the motions to compel, and the purpose of noting the filing of the motions to compel is not to suggest that plaintiff is actually entitled to the discovery sought or that defendants are being uncooperative in the discovery process. The Court notes the filing of the motions to compel only because plaintiffs argue that they have been diligent in seeking discovery, and this could be relevant to the Court's ruling on the motion to amend.

plaintiff's counsel on October 9, 2015, and defense counsel denied that the electrical connection had been "altered." Dkt. #48-7, at 2. Plaintiff also states that on September 23, 2015 she was able to arrange for an expert to inspect the landing gear of an aircraft similar to the one that crashed, and her expert identified a potential defect with the landing gear separate from the electrical defect alleged in the complaint. Dkt. # 48, at 5.

Plaintiff requests leave to file an amended complaint asserting two additional theories of product defect based on information she has learned in the discovery process. Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires." Bradley v.Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004). Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999). Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay. Minter, 451 F.3d at 1206. "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." Duncan v. Manager, Dept' of Safety, City and County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005).

When a party seeks leave to amend after expiration of a scheduling order deadline, the moving party must show good cause pursuant to Fed. R. Civ. P. 16. for seeking leave to amend outside of the deadline established in the Court's scheduling order, in addition to the Rule 15(a)

3

standard for allowing a party to amend a pleading. Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n, 771 F.3d 1230, 1240 (10th Cir. 2014). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" Id. at 1240 (quoting Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001)). The good cause requirement may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed." Id. at 1240.

Plaintiff requests leave to file an amended complaint adding two additional theories of product defect that were not alleged in the original complaint:[2]

1. Defective design of the alternate gear extension system to comply with Defendant's own specifications of a maximum of 25 lbs. pull force to drop the nose gear, and a maximum of 64 lbs. to drop the main gear and;

2. As alleged that at the time of compliance with the [RSB] dealing with the essential bus, that Defendant HBGCS was acting as agent and servant of Defendant Beech in altering the essential bus, if indeed such an alteration even occurred, and if such alteration occurred, to allege that the kit manufactured by Beech was defective, and that it created a defective aircraft before the manufacturer, through its agent, returned the aircraft to the consumer when at Defendants' request, the aircraft was brought into compliance with the [RSB].

Dkt. # 48, at 7. Plaintiff claims that she could not have included these allegations in the complaint, because she could not have discovered these potential defects until she inspected a similar aircraft and obtained clarification from defense counsel about the RSB. She also claims that defendants will

---

[2] Plaintiff argues that the product defect alleged in the original complaint is sufficiently broad to encompass the proposed amendments and that it is unnecessary for plaintiff to amend the complaint. Dkt. # 48, at 7. The Court disagrees. The complaint specifically identifies a "defective electrical distribution bus system" as the product defect, and she alleges that this defect led to failures in multiple parts of the aircraft. Dkt. # 2, at 5. Although the complaint broadly alleges that "additional defects in design and manufacture existed," the complaint does not provide any notice of what those defects might be and defendants could not reasonably be on notice of the defects now alleged by plaintiff. Id.

4

not be prejudiced if she is permitted to file an amended complaint, because defendants are in possession of documents concerning both defects and defendants will have until May 2016 to conduct additional discovery if any is necessary.

Defendants argue that plaintiff's motion to amend was filed after the scheduling order deadline to file motions to amend pleadings expired and that plaintiff has failed to show good cause for allowing an untimely amendment to the complaint. Dkt. # 56, at 4. Defendant claims that plaintiff has been on notice since the case was filed that the landing gear of the aircraft failed to deploy when the aircraft crashed, and any allegation concerning a defect with the landing gear could have been alleged in the complaint. Id. at 5. Defendants also argue that they provided to plaintiff before August 31, 2015 the discovery responses that provide the basis to allege a defect based on the RSB, and the alleged defect should have been obvious before plaintiff's counsel received clarification from defendant on this issue on October 9, 2015. Id. at 7. Finally, defendants argue that the alleged lack of prejudice to the defendants from the proposed amendments is irrelevant to whether plaintiff has shown good cause to file a motion to amend after the scheduling order deadline has expired. Id. at 8.

Plaintiff seeks leave to add a theory of defect based on the allegedly defective design of the landing gear, and plaintiff claims that she did not discover this possible defect until her expert inspected a similar aircraft on September 23, 2015. Dkt. # 58, at 6. Defendants claim that it was known since the aircraft crashed that the landing gear failed to fully deploy, and plaintiff could have alleged a defect with the landing gear when the complaint was filed. However, plaintiff believed that an electrical problem resulted in numerous system failures, including the failure of the landing gear to fully deploy, and she claims that she did not have sufficient information when the case was

filed to allege that the landing gear was defective. Plaintiff has obtained new evidence that an independent defect in the landing gear could be responsible for the crash, and she claims that she could not have obtained the evidence before August 31, 2015 because owners of similar aircraft were reluctant to allow plaintiff's expert to conduct an inspection. Dkt. # 58, at 6. Plaintiff argues that she would not have had a good faith basis to allege an independent defect with the landing gear and she needed additional discovery before seeking leave to amend to allege this defect. Id. at 7. In this case, the deadline to file motions to amend pleading was August 31, 2015 and the discovery cutoff is May 16, 2016, and plaintiff's motion to amend shows that plaintiff has been diligent about conducting discovery before and after the deadline to file motions to amend pleadings. The Court finds that plaintiff's proposed amendment is based on discovery gathered after a scheduling order expired and that plaintiff has established good cause for the proposed amendment. In addition, there is sufficient time for defendant to conduct discovery as to plaintiff's new theory of product defect and plaintiff filed her motion to amend in a timely manner after learning of new evidence, and plaintiff has also satisfied the Rule 15(a) standard for amending a pleading.

Plaintiff also requests leave to amend to add a theory of defect that HBGCS may have altered the aircraft's electrical system pursuant to the RSB, and the kit used to alter the electrical system was manufactured by Beechcraft. Plaintiff claims that she sought discovery about this repair, and defendant is correct that plaintiff received discovery responses on this matter before August 31, 2015. Dkt. # 48-3, at 10. On October 1, 2015, plaintiff's counsel sought clarification from defendants about their discovery responses, because plaintiff did not believe that the RSB required any alteration to the aircraft's electrical system. Dkt. # 48-4, at 2. On October 9, 2015, defendant responded to plaintiff's counsel's letter and explained that the aircraft's electrical system was

temporarily disconnected, but defense counsel denied that the electrical system was altered in any way. Dkt. # 48-7, at 2. Although plaintiff learned of this possible defect before August 31, 2015, it was reasonable for plaintiff's counsel to seek additional information from defense counsel before filing a motion to amend, and plaintiff has shown good cause for seeking leave to amend after the expiration of a scheduling order deadline. The Court also finds that plaintiff has not been dilatory in seeking leave to amend and that defendant will not be prejudiced by the amendment, and the amendment should be permitted under Rule 15(a).[3]

**IT IS THEREFORE ORDERED** that plaintiff's Application to File Amended Complaint and Brief in Support (Dkt. # 48) is **granted**. Plaintiff shall file her amended complaint no later than **December 17, 2015.**

**DATED** this 10th day of December, 2015.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[3] It is not clear that defendants will need to conduct any additional discovery on the alleged alteration to the electrical system, because the repair kit and similar aircraft are in possession of the defendants. In any event, defendants will have ample time to conduct discovery should any be necessary and defendants have not shown that they will be prejudiced by the proposed amendment.

7