IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

REGINA S. CAVES, surviving spouse )
of WESLEY BRYAN CAVES, )
)
    Plaintiff, )
)
v. ) Case No. 15-CV-125-CVE-PJC
)
BEECHRAFT CORPORATION, *et al*, )
)
    Defendants. )

## **OPINION AND ORDER**

Currently before the Court are the First and Second Motions to Compel filed by the Plaintiff, Regina S. Caves, surviving spouse of Wesley Bryan Caves.[1] [Dkt. Nos. 37 and 40]. In her First Motion to Compel, Plaintiff asks the court to overrule Defendants' objections to her Requests for Admission and compel Defendants to respond to the Requests without qualification of either an admission or denial. [Dkt. No. 37, p. 2; Dkt. No. 38, p. 22]. Plaintiff's Second Motion to Compel is largely predicated on her First Motion, in that she seeks interrogatory responses explaining Defendants' responses to the Requests for Admission. [Dkt. No. 40]. Defendants contend that they fully responded to each of the Requests for Admission as well as the Interrogatories.

### *Background of the Case*

This products liability action is based upon an airplane accident that occurred on March 17, 2013. [Dkt No. 60]. Plaintiff contends the cause of the crash is attributed to numerous electrical failures and malfunctions, including a defective electrical bus distribution system

---

[1] There are two additional motions to compel filed by the Plaintiff which will be addressed in a separate order. [Dkt Nos. 42 and 53].

1

("essential bus"). *Id.*  During Plaintiff's investigation of the accident, Plaintiff employed a consultant to inspect the pilot's circuit breaker panel and bus distribution system on February 26, 2015; each of the Requests for Admission at issue address the condition of the essential bus at the time of that investigation. [Dkt. No. 38, p.2].

*Applicable Legal Principles*

It is generally understood that discovery under the Federal Rules is limited by relevance and burdensomeness.  *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975); *Littlebear v. Advanced Bionics, LLC*, 2012 WL 2979023, *1 (N.D. Okla. July 20, 2012).  he Federal Rules of Civil Procedure provide:

> ... parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence....

Fed.R.Civ.P. 26(b).

Rule 26(b) creates a two-tiered discovery process: "the first tier being attorney-managed discovery of information relevant to any claim or defense of a party, and the second being court-managed discovery that can include information relevant to the subject matter of the action." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188-89 (10th Cir. 2009).  If parties disagree as to the relevance of requested discovery, the court becomes "involved to determine whether discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action." *Id.* at 1189.

When the requested discovery appears relevant, the party opposing discovery has the burden of establishing the lack of relevance by demonstrating that the requested discovery does

not come within the scope of relevance set forth in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Barton v. Tomacek*, 2012 WL 4735927, *4 (N.D. Okla. Oct. 3, 2012; *Smith*, *supra*. Document requests must describe what is being sought with "reasonable particularity." Fed. R. Civ. P. 34b)(1)(A). *See*, *Howard v. Segway, Inc.*, 2013 WL 869955, *2 (N.D. Okla. March 7, 2013). Objections to discovery requests must be stated with specificity. Mere boilerplate objections or the familiar litany of "overly broad, vague or burdensome," without more, is not sufficient. *Howard*, *supra*, at *3; *Leisure Hospitality, Inc. v. Hunt Properties, Inc.*, 2010 WL 3522444, * 3 (N.D. Okla. Sept. 8, 2010); *Wyatt v. ADT Sec. Services, Inc.*, 2011 WL 1990473, *2 n.1 (N.D. Okla. May 23, 2011).

While Rule 26 still contemplates liberal discovery and broad concept of relevance, the Rule also recognizes that discovery must be proportionate to the case and issues at hand. Fed. R. Civ. P. 26(b)(2). Trial courts have broad discretion in managing discovery matters and are subject to review only for abuse of discretion. *Smith v. Sentinel Inc. Co., Ltd.*, 2011 WL 2883433, *1 (N.D. Okla. July 15, 2011).

*Discussion*

**A.     Plaintiff's First Motion to Compel**

All of the Requests for Admission at issue in Plaintiff's First Motion to Compel are premised on various hypothetical situations concerning the power supply to the essential bus at either 1) the time it left the manufacturer's possession and control, or 2) in a manner it could become with normal use and vibration. [*See* Dkt. No. 38, pp. 6-9]. In response to nine (9) of these requests (Beechcraft Request Nos.11-16, 18-19, 21 and Hawker Beechcraft Request Nos.

1-6, 8-9, 11), Defendants' responses were identical: "Subject to the objections, denied." *Id*.

Those objections stated:

> Defendant objects to plaintiff's definitions of defective, airworthy, power supply to the essential bus and normal use and vibration. The definitions are vague and not industry-accepted definitions. In addition, the power supply wire was cut by Plaintiff's consultant during the disassembly of the essential bus, and the circuit breakers were removed and moved around by the plaintiff's consultant from the pane where they had been attached, so the photographs attached to the Requests for Admissions are not accurate depictions of the circuit breakers' condition just prior to the accident or when the aircraft left Beech, or the manner in which the circuit breakers were secured on the essential bus. The requests for admission are improper because they ask the defendant to assume that the circuit breakers were in the condition as depicted in the photographs at the time the aircraft left Beech or at the time of the accident. Rule 36 is only permitted regarding the truth of facts or application of law to facts, not to admit assumptions. Defendant incorporates by reference its objections to each request for admission.

[Dkt. Nos. 38, p. 5, 38-4, pp. 1-2, 38-5, pp. 1-2].

The Federal Rules of Civil Procedure provide:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> (A) facts, the application of law to fact, or opinions about either; and
>
> (B) the genuineness of any described documents.

Fed.R.Civ.P. 36(a)(1). Under Rule 36, a matter is admitted unless within 30 days after being served, the responding party serves either "a written answer or objection addressed to the matter and signed by the party or its attorney." Rule 36(a)(3). *See also Dinkins v. Bunge Mill, Inc.,* 313 Fed.Appx. 882, 884 (7th Cir.2009).

Defendants answered/objected to the Requests for Admission; however, the issue in the First Motion to Compel is the sufficiency of the responses. Rule 36 further provides:

> (4) Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires

4

> that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> (5) Objections. The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

Fed.R.Civ.P. 36(a)(4) & (5). The requesting party may move for a judicial determination as to the sufficiency of an answer or objection:

> Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial.

Fed.R.Civ.P. 36(a)6).

The Requests for Admission generally ask Defendants to admit or deny that the power supply to the essential bus was defective, unreasonably dangerous, and caused the aircraft to not be airworthy under different hypothetical situations based on the condition of the bus at the time of the consultant's investigation. Although Defendants noted that their responses were subject to objection, the Court finds that they nonetheless specifically denied Beechcraft Request Nos.11-16, 18-19, 21 and Hawker Beechcraft Request Nos. 1-6, 8-9, 11, as required by Rule 36.[2] The objection did not nullify the Defendants' specific denial.

The remaining three (3) Requests for Admission are based on similar hypotheticals concerning allegedly defective power supply to the essential bus:

> Admit that if the power supply to the essential bus in the Pilot's Circuit Breaker Panel of the Premier Aircraft was secured in such a manner that did not provide

---

[2] Defendants will, of course, be required to supplement their responses pursuant to Rule 26(e) if later information reveals the denials are incomplete or incorrect, such as information obtained from expert reports.

5

> designed power supply while in flight at the time it left the manufacturer's possession and control that the Premier Aircraft would have been [unreasonably dangerous, defective, or not airworthy].

[*See* Dkt. No. 38, pp. 8-9]. Without raising any specific objections, Defendants admitted in part and denied in part the Requests:

> Admitted in part; denied in part. It is admitted that the Premier Aircraft was designed for a certain electrical supply; it is denied that it did not provide that electrical supply either at the time of the manufacture or the time of the accident. It is further denied that the aircraft was [defective, unreasonably dangerous, or not airworthy].

[Dkt Nos. 38, pp. 8-9]. Plaintiff contends Defendants' responses are non-responsive and argumentative. The Court, however, disagrees and finds that the Defendants sufficiently specified the parts they admitted and denied.

Accordingly, the Plaintiff's First Motion to Compel (Dkt. No. 37) is **DENIED**.

**B.     Plaintiff's Second Motion to Compel**

The basis of Plaintiff's Second Motion to Compel is Defendants' responses to two (2) interrogatories concerning their answers to the Requests for Admission. [Dkt. No. 40]. The first interrogatory states:

> If your Response to any of the above and foregoing Requests for Admissions was other than an unqualified admitted or denied, please state such additional information as would be needed to unqualifiedly admit or deny the requested admission, particularized as to each requested admission.

[Dkt No. 40, p. 6]. Defendants responded "Defendant has denied each and every request for admission." [*Id*. at p. 7]. Plaintiffs complain that Defendants' response was non-responsive because their denials were subject to the objections discussed above in Plaintiff's First Motion to Compel. The Court has found that although Defendants objected, they specifically denied the Requests for Admission without qualification. Therefore, Defendants' response to this interrogatory is adequate.

6

The second interrogatory at issue states:

> If any of your Responses to the above and foregoing Requests for Admissions were denied, please identify each factual basis upon which you base said denial, and identify all documents or witness testimony upon which you base such denial.

[Dkt. No. 40, p. 7]. As acknowledged by Plaintiff, Defendants provided a lengthy response, setting forth their "theory" of the cause of the accident. [*See id*. at p. 11, Dkt No. 51, p. 9]. However, Plaintiff urges that the response is not specific to the narrow hypotheticals denied by the Defendants in the Requests for Admission. Defendants did not object to the interrogatory and stated in response:

> Defendant relied upon the NTSB factual reports and the investigation that Beech participated in with the NTSB. That investigation includes the fact that the landing gear warning horn is heard after the pilots shut off the engines, that the left engine (at least) was restarted, and that some warning lights were flashing on the instrument panel after the pilots shut off the engines. The battery was found in standby position. Navigation or directional instruments are not powered by the essential bus. The position of the ignition switch suggests that the pilot did not follow proper procedures.
>
> In addition, there were no electrical anomalies reported to defendant by the aircraft owners that would suggest any issues related to the circuit breaker. The CVR is not powered by the circuit breaker referenced by the requests for admissions. The facts suggest that the pilots shut off the engines, did not follow the emergency procedures in the pilot's operating handbook, failed to lower all of the landing gear, damaged the aircraft during a landing attempt, and then inexplicably the pilots decided to try and take back off after damaging the aircraft. Defendants will supplement as discovery progresses. The documents that defendants are relying upon include the NTSB reports, the photographs that were taken at the scene and later at wreckage inspections, the electrical diagrams that were produced in defendants' Rule 26 disclosures, the pilot's operating handbook, and the maintenance records on the aircraft. No witnesses have been deposed so there is no testimony to cite to.

[Dkt. No. 40, pp. 8-9].

At first glance, Defendants' response appears thorough, as it sets forth the Defendants' interpretation of the detailed facts surrounding the accident and identifies documents they relied upon. But, that is not what the interrogatory asked for. As previously discussed, the Requests for

Admission ask Defendants to admit or deny that the power supply and/or the essential bus was defective, unreasonably dangerous, and caused the aircraft to not be airworthy under different hypothetical situations. Defendants assert that they "explained why the circuit breaker on the pilot's essential bus was not defective/unreasonably dangerous/unairworthy. Defendants also explained the fallacy of plaintiff's premise [based on the consultant's inspection]. . . ." [Dkt. No. 43, p. 13]. The Court, however, does not find such explanation anywhere in Defendants' response to the interrogatory. Nowhere in the response do Defendants address any of the hypotheticals or even use the words "defective/unreasonably dangerous/unairworthy." Defendants did question the premise of the hypotheticals in their objection to the Requests for Admission and in their pleadings, but did not use it as a basis for their explanation or response to the interrogatory. Defendants are hereby ordered to supplement their response to this interrogatory within fourteen (14) days.

Plaintiff's Second Motion to Compel (Dkt. No. 40) is hereby **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED** this 13th day of January 2016.

_____
Paul J. Cleary
United States Magistrate Judge

8