UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **REGINA S. CAVES, surviving spouse of Wesley Bryan Caves,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**BEECHCRAFT CORPORATION f/k/a Hawker Beechcraft Corporation, a Kansas Corporation, and HAWKER BEECHCRAFT GLOBAL CUSTOMER SUPPORT, LLC f/k/a Hawker Beechcraft Services, Inc., a Kansas limited liability company,** )<br>)<br>**Defendants.** ) | Case No. 15-CV-0125-CVE-PJC |

# OPINION AND ORDER

Now before the Court is plaintiff's Application to File Second Amended Complaint and Brief in Support (Opposed) (Dkt. # 82). Plaintiff Regina S. Caves requests leave to file a second amended complaint alleging a manufacturer's liability claim against defendant Hawker Beechcraft Global Customer Support (HBGCS), because she claims that she has learned new information in the discovery process giving rise to a new claim against HBGCS. Dkt. # 82, at 7. Defendants respond that plaintiff's motion to amend is untimely and that plaintiff has failed to show good cause for seeking leave to amend after the expiration of the deadline in the scheduling order to file such motions. Dkt. # 84.

On March 16, 2015, plaintiff filed this case alleging that her husband, Wesley Bryan Caves, died in an airplane crash when he was flying a Beech Premier 390 aircraft from Tulsa, Oklahoma to South Bend, Indiana. She alleges that the aircraft had numerous electrical failures of which defendants were aware, because the failures had allegedly been repaired by Beechcraft Corporation

(Beechcraft) and HBGCS. Dkt. # 2, at 3-4. Plaintiff claims that the aircraft's engines inadvertently shut down during flight and, due to a defective electrical bus distribution system, plaintiff's husband was unable to restart the engines. Id. at 5. She also claims that the electrical problems prevented the main landing gear of the aircraft from fully extending. Id. at 6. Plaintiff's husband could not successfully land the aircraft and it crashed near the airport in South Bend, and he was killed in the crash. Id. at 6. Plaintiff alleges claims of negligence against Beechcraft and HBGCS, and she also alleges a claim of manufacturer's products liability against Beechcraft.

The parties submitted a joint status report (Dkt. # 22) requesting 12 months to conduct discovery due to the complexity of the case, and they proposed that motions to amend to add parties or claims be filed no later than August 31, 2015. The Court entered a scheduling order (Dkt. # 23) setting a deadline of August 31, 2015 for motions to join parties or amend the complaint, and the discovery cutoff is set for May 15, 2016. On August 20, 2015, defendants sent plaintiff responses to interrogatories, and plaintiff claims that she learned for the first time that defendants modified the aircraft's circuit breaker panel pursuant to Recommended Service Bulletin 24-3868 (RSB). Plaintiff claims that the RSB does not suggest that the electrical connection at issue needed to be modified. Dkt. # 48, at 4. On October 1, 2015, plaintiff's counsel requested that defense counsel provide additional information about the modification. Dkt. # 48-4, at 2. Defense counsel sent a letter to plaintiff's counsel on October 9, 2015, and defense counsel denied that the electrical connection had been "altered." Dkt. #48-7, at 2. Plaintiff also states that on September 23, 2015 she was able to arrange for an expert to inspect the landing gear of an aircraft similar to the one that crashed, and her expert identified a potential defect with the landing gear separate from the electrical defect alleged in the complaint. Dkt. # 48, at 5.

2

On October 30, 2015, plaintiff filed a motion to amend seeking leave to file an amended complaint including the following factual allegations:

1. Defective design of the alternate gear extension system to comply with Defendant's own specifications of a maximum of 25 lbs. pull force to drop the nose gear, and a maximum of 64 lbs. to drop the main gear and;

2. As alleged that at the time of compliance with the [RSB] dealing with the essential bus, that Defendant HBGCS was acting as agent and servant of Defendant Beech in altering the essential bus, if indeed such an alteration even occurred, and if such alteration occurred, to allege that the kit manufactured by Beech was defective, and that it created a defective aircraft before the manufacturer, through its agent, returned the aircraft to the consumer when at Defendants' request, the aircraft was brought into compliance with the [RSB].

Id. at 7. Plaintiff acknowledged that its motion to amend was filed outside of the applicable deadline in the scheduling order, but she argued that she could not have obtained the necessary discovery from defendant before the deadline expired. Id. at 3-6. Defendants opposed plaintiff's motion and argued that the motion was untimely. Dkt. # 56. The Court found that plaintiff had provided an adequate explanation for the delay in filing her motion to amend. Dkt. # 59, at 5-6. Plaintiff could not reasonably have identified a defect with the landing gear until she examined a Beech Premier 390 aircraft and she was diligent in seeking discovery about the allegedly defective electrical bus manufactured by Beechcraft and installed by HBGCS. Id. at 6.

Discovery continued while the motion to amend was pending. On November 5, 2015 and January 28, 2016, plaintiff and her experts examined separate Beech Premier 390 aircraft, and both aircraft allegedly had the same problem with the landing gear that was previously identified on September 23, 2015. Dkt. # 82, at 2. Plaintiff received supplemental discovery responses from defendant from November 2015 to February 2016, but plaintiff has also filed five motions to compel discovery. See Dkt. ## 37, 40, 42, 53, 78. On January 31 and February 1, 2016, plaintiff received

3

reports from two of her experts and the experts opined that the Beech Premier 390 aircraft was defective due to a problem with the landing gear and a systemic electrical supply problem. Dkt. # 82, at 3-4. Both experts also faulted HBGCS for failing to identify these alleged defects when it had the aircraft in its possession to perform other repairs. Id.

Plaintiff requests leave to file a second amended complaint asserting a manufacturer's liability claim against HBGCS. Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires." Bradley v. Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004). Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999). Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay. Minter, 451 F.3d at 1206. "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." Duncan v. Manager, Dept' of Safety, City and County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005).

When a party seeks leave to amend after expiration of a scheduling order deadline, the moving party must show good cause pursuant to Fed. R. Civ. P. 16(b)(4) for seeking leave to amend outside of the deadline established in the Court's scheduling order, in addition to the Rule 15(a) standard for allowing a party to amend a pleading. Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n, 771 F.3d 1230, 1240 (10th Cir. 2014). "In practice, this standard requires the movant to show

the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" Id. at 1240 (quoting Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001)). The good cause requirement may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed." Id. at 1240.

Plaintiff argues that she has obtained additional discovery since the filing of her first motion to amend (Dkt. # 48), including expert reports, that would support a conclusion that the subject aircraft was defective due to a repair kit installed by HBGCS. Dkt. # 82, at 5. She could also be alleging that HBGCS could be liable for failing to remedy a defect with the landing gear while the aircraft was in the possession of HBGCS for other repairs. See id. at 2-5. Plaintiff claims that she could not have filed a motion to amend seeking leave to add a claim of manufacturer's products liability against HBGCS without additional discovery, and she asserts that she was required to file multiple motions to compel to obtain the necessary discovery. Dkt. # 89, at 4. This discovery included investigations of two additional Beech Premier 390 aircraft and the production of an exemplar installation kit used to repair the electrical bus.

The Court will initially consider whether plaintiff has shown good cause under Rule 16(b)(4) for her failure to file her second motion to amend within the deadline contained in the scheduling order. The new discovery cited by plaintiff does not support her untimely request to amend and it is clear that she knew the essential facts supporting her proposed manufacturer's products liability claim against HBGCS when she filed her first motion to amend or perhaps earlier. In plaintiff's first motion to amend, she sought leave to include allegations that the landing gear was defectively designed and that kit installed by HBGCS to repair the electrical bus was defective. Dkt. # 48, at 7. She claimed that the she learned about the landing gear defect on September 23, 2015 when she

5

was able to inspect a Beech Premier 390 aircraft, and she claimed that she needed additional discovery after the applicable scheduling order deadline to clarify that the repair kit could have been the cause of the electrical bus defect. <u>Id.</u> at 5, 7. The Court found that plaintiff had established that she diligently sought discovery on these matters and that she could not have filed her motion to amend before the deadline to file motions to amend or add parties expired. Dkt. # 59, at 6-7. Plaintiff relies on the same defects with the landing gear and the electrical bus repair kit to support her proposed manufacturer's liability claim against HBGCS, and it is clear that plaintiff had sufficient knowledge of these facts when she filed her initial motion to amend. The additional discovery obtained by plaintiff may have confirmed the allegations included in her amended complaint, but she has not shown that she learned anything new in discovery obtained after she filed her amended complaint.[1] Plaintiff cites ongoing discovery disputes and claims that she still has not received an exemplar of the kit used to repair the electrical bus, and she claims that she needed to determine the validity of a manufacturer's products liability claim against HBGCS before seeking leave to amend. Dkt. # 89, at 3. Plaintiff effectively made this representation to the Court when she filed her initial motion to amend to include the same factual allegations that she now claims support her proposed manufacturer's liability claim against HBGCS, and she has not acted diligently by filing a second motion to amend nearly six months after the deadline to file motions to amend expired.

---

[1] In particular, the Court notes that her subsequent examinations of two Beech Premier 390 aircraft confirmed the results of the September 23, 2015 examination that there was an alleged defect with the landing gear due to the amount of force required to lower the landing gear. Dkt. # 82, at 2-3. It does not appear that the November 5, 2015 or the January 28, 2016 examinations provided any new or different information on this issue.

Even if the Court had found that plaintiff had shown good cause under Rule 16(b)(4), the Court would not find that plaintiff has established that leave to amend should be granted under Rule 15(a). See Gorsuch, Ltd., B.C., 771 F.3d at 1240 (a party seeking leave to amend after a deadline in the scheduling order has expired must show that requirements of Rule 16(b)(4) and Rule 15(a) are satisfied). The Court has already determined that plaintiff has not acted diligently in filing her second motion to amend, and for the same reasons the Court finds that plaintiff has no adequate explanation for the delay in filing her motion to amend for the purpose of Rule 15. See Minter, 451 F.3d at 1206. Plaintiff also argues that defendants will not be prejudiced if she is permitted to file a manufacturer's products liability claim against HBGCS, because HBGCS will not need to conduct additional discovery and HBGCS has been on notice since the case was filed of the facts supporting this claim. Dkt. # 82, at 7-8. This calls into question why plaintiff did not seek to allege a manufacturer's products liability claim earlier, but plaintiff is also incorrect that it is certain that defendant will not need to conduct additional discovery. HBGCS points out that comparative fault is not a defense to a manufacturer's products liability claim and it will be required to conduct discovery as to the different elements and defenses available for such a claim. Dkt. # 84, at 7. The discovery cutoff is May 15, 2016 and it is likely that granting plaintiff's second motion to amend would result in a delay of the trial. Plaintiff has not provided any adequate explanation for the delay in filing her second motion to amend to include a manufacturer's products liability claim against HBGCS and defendant will be prejudiced by granting plaintiff's motion. The Court finds that plaintiff could not satisfy the standard for allowing an amendment under Rule 15. The Court finds that plaintiff cannot satisfy the standards of Rule 16(b)(4) or Rule 15(a) for obtaining leave to file her second amended complaint, and her motion (Dkt. # 82) should be denied.

**IT IS THEREFORE ORDERED** that plaintiff's Application to File Second Amended Complaint and Brief in Support (Opposed) (Dkt. # 82) is **denied**.

**DATED** this 31st day of March, 2016.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE