UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **REGINA S. CAVES, surviving spouse of Wesley Bryan Caves,** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. 15-CV-0125-CVE-PJC ) |
| **BEECHCRAFT CORPORATION f/k/a Hawker Beechcraft Corporation, a Kansas Corporation, and HAWKER BEECHCRAFT GLOBAL CUSTOMER SUPPORT, LLC f/k/a Hawker Beechcraft Services, Inc., a Kansas limited liability company,** | ) ) ) ) ) ) ) |
| **Defendants.** | ) ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Rule 41(a)(2) Motion to Dismiss without Prejudice and Request for Expedited Ruling and Brief in Support (Dkt. # 99).[1] Plaintiff requests leave to voluntarily dismiss without prejudice her claims against defendants, and she further asks that the dismissal be without any terms or conditions. Defendants do not oppose plaintiff's request to dismiss her claims, but defendants ask that plaintiff's claims be dismissed with prejudice or that the Court impose conditions on the dismissal to prevent defendants from being unfairly prejudiced if plaintiff elects to refile her claims. Dkt. # 102. Plaintiff has filed a reply (Dkt. # 103) in support of her motion to dismiss and the motion is fully briefed.

On March 16, 2015, plaintiff filed this case alleging claims of negligence against Beechcraft Corporation (Beechcraft) and Hawker Beechcraft Global Customer Support, LLC (HBGCS) and a claim of manufacturer's products liability against Beechcraft, arising out of an airplane crash that

---

[1] Plaintiff's motion was also docketed as a separate motion for an expedited ruling, and the Court finds that the motion for expedited ruling (Dkt. # 100) should be granted.

resulted in the death of plaintiff's husband, Wesley Bryan Caves. Dkt. # 2. Caves was the pilot of the airplane when it crashed. The parties requested that the Court enter a scheduling order allowing at least 12 months for discovery due to the complexity of the factual issues, but the parties requested a date of August 31, 2015 to file motions to amend to add new parties or claims. Dkt. # 22, at 3. The parties engaged in numerous discovery disputes and plaintiff filed several motions to compel. Defendants have filed a motion to compel (Dkt. # 78) seeking production of unedited videos of plaintiff's testing of the same model aircraft that crashed, and this motion to compel is still pending. On December 10, 2015, the Court granted plaintiff's motion to amend to include two additional theories of product defect, but plaintiff had not requested leave to file a manufacturer's products liability claim against HBGCS. Dkt. # 59. On February 26, 2016, plaintiff filed a second motion to amend seeking leave to allege a claim of manufacturer's products liability against HBGCS, but the Court denied the second motion to amend. The Court found that plaintiff could have sought leave to amend to include this claim in her initial motion to amend or earlier, and plaintiff failed to show good cause for filing an untimely motion to amend. Dkt. # 95. On April 8, 2016, plaintiff filed a motion to voluntarily dismiss her claims without prejudice to refiling. Dkt. # 99.

In a separate lawsuit, James Rodgers and Christopher Evans, passengers in the aircraft when it crashed, have alleged claims of negligence against Beechcraft and HBGCS and a claim of manufacturer's products liability against Beechcraft. James Rodgers et al. v. Beechcraft Corporation et al., 15-CV-129-CVE-PJC (N.D. Okla.). Their spouses have also alleged loss of consortium claims against Beechcraft and HBGCS. Rodgers is set for trial on August 22, 2016. The

Rodgers case has not been consolidated with this case for any purpose, even though the cases concern similar legal and factual issues.[2]

Plaintiff requests leave to dismiss her claims without prejudice and without conditions. Under Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Unless a defendant can show "legal" prejudice from granting a plaintiff's request for voluntary dismissal, such requests should ordinarily be granted. Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). The Tenth Circuit has identified four non-exclusive factors that should be considered in reviewing a request for voluntary dismissal: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for dismissal; and the present stage of the litigation." Cnty. of Santa Fe v. Pub. Serv. Co. of N.M., 311 F.3d 1031, 1048 (10th Cir. 2002). However, "[t]his list of factors 'is by no means exclusive,' and factors that are 'unique to the context of the case' must also be considered." Id. (quoting Ohlander, 114 F.3d at 1537). To ensure that "substantial justice is accorded to both parties," the Court must consider the "equities not only facing the defendant, but also those facing the plaintiff." Brown v. Baeke, 413 F.3d 1121, 1124 (10th Cir. 2005).

Plaintiff claims that she significantly underestimated the expenses that she would incur in litigating this case and she does not wish to incur the additional expenses that will result from

---

[2]  Plaintiff states that Rodgers and this case were consolidated for discovery, and defendants appear to suggest that the cases were consolidated for trial. Dkt. # 99, at 5; Dkt. # 102, at 3. The Court has reviewed the docket sheet in both cases, and no party in either case filed a motion to consolidate. In the joint status report, the parties stipulated that discovery obtained in Rodgers could be used in this case and that discovery obtained in this case could be used in Rodgers, but there was no written order by the Court consolidating the cases for any purpose. See Dkt. # 22, at 4.

3

litigating this matter to its conclusion. Dkt. # 99, at 1-2. She estimates that she has incurred almost $400,000 in expert and litigation expenses, and this amount does not include any attorney fees. Id. She states that she may or may not refile her claims depending on the outcome of the Rodgers case.[3] Id. at 5. She argues that defendants will be able to use the discovery gathered in this case to defend against the plaintiffs' claims in Rodgers, and she claims that defendants' attorney fees and litigation expenses will not be wasted if plaintiff is permitted to dismiss her claims. Id. at 4. She also argues that she has not delayed in filing her motion for voluntary dismissal, because this case is in its "middle stages" and substantial discovery is ongoing. Id. at 5-6. Defendants respond that the parties have been engaged in discovery for over a year, and defendants have produced over 30,000 pages of documents and taken numerous depositions. Dkt. # 102, at 1. Defendants have taken depositions of several of plaintiff's experts and have retained their own experts, and the reports of defendants' experts have been sent to plaintiff. Defendants note that plaintiff's second motion to amend was denied on March 31, 2016, and plaintiff may be seeking a tactical advantage by voluntarily dismissing her claims and starting over in another court. Id. at 2.

The Court will initially consider defendants' argument that plaintiff is seeking to dismiss her claims to gain a tactical advantage by refiling her claims in another court. Plaintiff denies defendants' "insinuation" that she is seeking to avoid an unfavorable ruling on her second motion

---

[3] Plaintiff's statement that she intends to await the outcome in Rodgers before deciding whether to refile her claims may provide some further explanation as why she is dismissing the case or if she will refile her claims, but it has nothing to do with whether defendants will be prejudiced by allowing plaintiff to dismiss her claims without prejudice and without conditions. Defendants have already expended substantial resources defending against plaintiff's claims and defendants may be able to show that they will be prejudiced by allowing plaintiff to dismiss her claims without prejudice, even if plaintiff could conserve her resources by awaiting the outcome of Rodgers.

4

to amend, but the Court cannot overlook the temporal proximity between the denial of her second motion to amend and the filing of her motion to dismiss. There is at least the appearance of a connection between the two events. The Court will consider this issue in deciding whether plaintiff has been diligent in moving for dismissal and whether she has provided a sufficient explanation for seeking dismissal of her claims, but the appearance that plaintiff may be seeking a tactical advantage by refiling her claims does not by itself show that defendants will be prejudiced if plaintiff's motion to dismiss is granted. The denial of a Rule 41(a)(2) motion to dismiss may not be based only on the appearance that the plaintiff is seeking to gain a tactical advantage by dismissing her claims and refiling them in another court. Global Fitness Holdings, LLC v. Federal Recovery Acceptance, Inc., 2015 WL 1467352, *2 (D. Utah. Mar. 30, 2015); Young v. Tulsa New Holland, Inc., 2013 WL 6115775, *2 (N.D. Okla. Nov. 20, 2013); Gassaway v. Kansas Gas Serv., LLC, 2013 WL 593662, *2 (D. Kan. Feb. 13, 2013). Prejudice does not automatically result to a defendant from the refiling of a lawsuit that was previously dismissed at the request of a plaintiff. American Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991). Defendants request that plaintiff be prohibited from including any new claims if she should elect to refile the case in another court. Dkt. # 102, at 3. This type of condition would essentially be unenforceable by this Court but, more importantly, there is no legal prohibition of a plaintiff dismissing her claims to obtain a tactical advantage if the case is refiled in another court. The Court declines to condition the dismissal of plaintiff's claims on any condition concerning what claims may be alleged against defendants in the event plaintiff chooses to refile this case in another court.

The Court will now consider the four factors identified by the Tenth Circuit in County of Santa Fe, and the first factor is defendants' effort and expense in preparing for trial. There is no

dispute that defendants have expended substantial resources in preparing a defense to plaintiff's claims. Plaintiff argues that all of the discovery, including expert reports, can be used by defendants in <u>Rodgers</u> and that none of defendants' efforts will be wasted if she is permitted to dismiss her claims. Defendants respond that they have incurred substantial expenses seeking discovery and obtaining expert reports solely to respond to plaintiff's claims, particularly on the issue of damages, and defendants have also filed a motion to compel discovery from plaintiff. The Court notes that this case has many similarities to <u>Rodgers</u>, but the cases are not identical and it is not reasonable to assume that all of the discovery in this case will be useful in defending against the plaintiffs' claims in <u>Rodgers</u>. Defendants state that they have incurred at least $20,000 to $25,000 in expert expenses related to plaintiff's damages and this will have no relevance in <u>Rodgers</u>. This is likely not the only example of discovery materials obtained in this case that will have no relevance in <u>Rodgers</u>. The Court finds that defendants have expended substantial resources to defend against plaintiff's claims and this factor favors at least the imposition of some conditions on the dismissal of plaintiff's claims.

      The second and third <u>County of Santa Fe</u> factors are the movant's delay in requesting dismissal and the adequacy of the movant's explanation, and the Court finds that these factors overlap in this case. This case has been pending for over a year and the parties have expended substantial resources in preparing for trial, and the Court disagrees with plaintiff's assessment that this case is in its "middle stages." There may be significant discovery that has not occurred but plaintiff has not adequately explained why she could not have moved for dismissal earlier in an attempt to preserve the resources of both parties. Plaintiff may not have "excessively" delayed in filing her motion to dismiss, but plaintiff knew resources were likely to be expended by both parties and she has delayed in requesting leave to dismiss her claims. As to the adequacy of plaintiff's

explanation for seeking leave to dismiss, plaintiff's primary reason for seeking to dismiss her claims appears to be that the case has been more costly to prosecute than she anticipated, and she seeks to avoid incurring the additional expenses that would result from taking this case to trial. However, defendants have also incurred substantial expenses and attorney fees in defending against plaintiff's claims, and this must be taken into account in ruling on plaintiff's motion. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) ("When considering a motion to dismiss without prejudice, 'the important aspect is whether the opposing party will suffer prejudice in light of the valid interests of the parties'"). Plaintiff correctly points out that the Court must consider the interests of both parties in determining whether dismissal without prejudice would be equitable, and it is reasonable for plaintiff to avoid additional expenses if she is unsure that she wishes to take her case to trial. However, the Court finds that plaintiff's explanation does not adequately account for the timing of her motion. The Court previously found that plaintiff filed her motion to dismiss shortly after her second motion to amend was denied, and the appearance that she is seeking to avoid an adverse ruling by dismissing her claims is relevant in considering whether she delayed in or has an adequate explanation for seeking dismissal. See Phillips USA, Inc. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996) (district court can consider whether a plaintiff is seeking to avoid an adverse ruling when plaintiff seeks voluntary dismissal). Plaintiff may reasonably be seeking to avoid additional expense by dismissing her claims, but the timing of her motion and the existence of an adverse ruling suggest that this may not be plaintiff's only reason for seeking to dismiss her claims. The Court finds that the second and third factors support allowing plaintiff to dismiss her claims, but plaintiff has not shown that these factors support her request for dismissal without prejudice and without conditions.

The fourth County of Sante Fe factor (present stage of the litigation) does not strongly weigh for or against plaintiff's request to dismiss without prejudice. The parties are still conducting discovery and have not filed dispositive motions, and the case is set for trial in August 2016. However, this is an unusually complex case and the parties have been conducting discovery for a year, and the case is certainly not in its early stages. While the case is not imminently going to trial, the Court finds that the litigation is at a sufficiently advanced stage considering the complexity of the litigation that the Court must consider whether conditions are necessary to avoid prejudice to defendants.

Due to complexity of the litigation and the substantial expenses incurred by defendants, the Court finds that it would be inequitable to allow plaintiff to dismiss her claims without prejudice and without any conditions to prevent unfair prejudice to defendants. Defendants ask the Court to condition dismissal on plaintiff's payment of all of defendants' expert expenses and all of the costs of litigation, because defendants may have to pay expenses for a second trial if plaintiff is permitted to refile her claims. Dkt. # 102, at 3. Defendants would have potentially faced separate trials in this case and the Rodgers case regardless of whether plaintiff is permitted to dismiss her claims, and this would not be a basis to impose such severe conditions on the dismissal without prejudice of plaintiff's claims. However, plaintiff has failed to provide a convincing explanation for the timing of her motion to dismiss, because the case is already at a relatively advanced stage and plaintiff has allowed the case to continue to a point that defendants have incurred significant expenses and attorney fees. The Court would ordinarily find that any dismissal under these circumstances should be with prejudice, but this case presents a unique circumstance that many of defendants' efforts in this case will be useful in a companion case. The Court finds that the existence of a companion case

that would have required defendants to engage in some of the same discovery may permit the dismissal of plaintiff's claims without prejudice, but the dismissal will be conditioned upon plaintiff's payment of defendants' expenses (including taxable costs but excluding attorney fees)[4] to the extent that defendants' activities in this case will not be relevant to preparing a defense in Rodgers. Plaintiff will be permitted to withdraw her motion to dismiss or to dismiss her claims with prejudice if she does not accept this condition. The Court does not have sufficient evidence to determine what amount would reasonably compensate defendants for these expenses to avoid the prejudice caused by dismissal without prejudice of plaintiff's claims and, if plaintiff wishes to pursue her request for dismissal without prejudice, the matter will be referred to a magistrate judge for a hearing on this issue.

**IT IS THEREFORE ORDERED** that plaintiff shall file a notice no later than **April 21, 2016** as to which of the following options plaintiff will elect concerning her motion for voluntary dismissal (Dkt. # 99):

1. Plaintiff may withdraw her motion for voluntary dismissal and proceed with her case;

2. Plaintiff may voluntarily dismiss her claims with prejudice to refiling without payment of any of defendants' expenses; or

3. Plaintiff may voluntarily dismiss her claims without prejudice on the condition that plaintiff pays defendants' expenses (including taxable costs but excluding attorney

---

[4] Oklahoma follows the American Rule concerning attorney fees and the prevailing party in a tort case cannot recover attorney fees from the other party absent a showing of bad faith or vexatious litigation conduct. North Texas Prod. Credit Ass'n v. McCurtain County Nat'l Bank, 222 F.3d 800 (10th Cir. 2000).

fees) that will not be relevant to preparing a defense in Rodgers. The amount of such expenses will be referred to Magistrate Judge Paul J. Cleary.

**IT IS FURTHER ORDERED** that plaintiff's motion for an expedited ruling (Dkt. # 100) is **granted**.

**DATED** this 18th day of April, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE